IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) ) ) Plaintiff, ) ) ) v. ) ) ) ) ERIE CONSTRUCTION MID-WEST, LLC, ) ) Defendant. ) ) ) | CIVIL ACTION NO. 3:23-cv-02060  COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against Defendant Erie Construction Mid-West, LLC ("Defendant"). This action is brought to correct unlawful employment practices because of sex and retaliation and to provide appropriate relief to Pamela Wells ("Wells" or "Charging Party"). As alleged with greater particularity in Paragraphs 11-12 below, the United States Equal Employment Opportunity Commission alleges Defendant subjected Wells to harassment because of her sex and terminated her in retaliation for opposing harassment because of sex.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Dallas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

6. At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Wells filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On July 12, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On August 8, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least February 22, 2021, Defendant engaged in unlawful employment practices in Dallas, Texas, in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). Specifically, Defendant subjected Wells to a hostile work environment based on her sex.

   a. Wells, a female, was employed by Defendant at its Dallas, Texas, location as a sales representative from on or about February 22, 2021, until her termination on or about March 4, 2021.

   b. During the employment of Wells, Defendant played, or allowed to be played, music throughout its Dallas facility.

   c. This music routinely included lyrics that used demeaning and derogatory terms and slurs towards women such as "bitch" and "cunt."

   d. Through this music, Defendant subjected Wells to a hostile work environment because of sex.

   e. In early March 2021, Wells repeatedly complained about this hostile work environment because of sex to Defendant.

   f. Despite the complaints of Wells, Defendant refused to change the music played in the workplace.

  g. Defendant conditioned the continued employment of Wells on her acceptance of the hostile work environment.

  h. After Wells reported the hostile work environment she was experiencing, Defendant refused to correct the environment.

  i. Instead, Defendant told Wells that she needed to either accept the environment or leave her employment.

  j. The effect of the practices complained of in this paragraph has been to deprive Wells of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

12. Since at least March 4, 2021, Defendant engaged in unlawful employment practices in Dallas, Texas, in violation of Section 704 of Title VII, 42 U.S.C. §§ 2000e-3(a). Specifically, Defendant terminated Wells in retaliation for her opposition to Defendant's unlawful harassment on the basis of sex.

  a. Defendant terminated Wells on March 4, 2021.

  b. In Defendant's termination meeting with Wells, Defendant's representative specifically stated that Defendant was terminating Wells because Wells would not accept Defendant's company culture.

    c.    In this conversation, Defendant's representative specifically stated that the offensive music Wells had opposed was part of Defendant's company culture.

    d.    Defendant's representative later informed Defendant's human resources department that Defendant had terminated Wells, at least in part, because of her refusal to accept Defendant's company culture.

    e.    The effect of the practices complained of in this paragraph has been to deprive Wells of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in the protected activity of opposing unlawful harassment.

13. The unlawful employment practices complained of in Paragraphs 11 and 12 were intentional.

14. The unlawful employment practices complained of in Paragraphs 11 and 12 were done with malice or with reckless indifference to the federally protected rights of Wells.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees because of sex, subjecting employees to harassment because of sex, or retaliating against employees because of their protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Wells whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Wells whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in Paragraphs 11 and 12 above, in amounts to be determined at trial.

E. Order Defendant to make Wells whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 11 and 12 above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Wells punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

  G. Order Defendant to provide Wells appropriate equitable relief in the form of reinstatement and/or an appropriate award of front pay.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

/s/ Robert Canino
ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 S. Houston St., 3rd Floor
Dallas Texas 75202

8

        MARSHA LYNN RUCKER
        Marsha Lynn Rucker (PA 90041)
        Regional Attorney

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        Birmingham District Office
        Ridge Park Place, Suite 2000
        1130 22nd Street South
        Birmingham, Alabama 35205
        Tel.: (205) 651-7045
        marsha.rucker@eeoc.gov